PmaRSON, J.
The first exception is overruled. The corporation succeeded to the rights of the company in respect to the land mentioned in the pleadings — that is, an equity to have the legal title upon payment of the balance of the purchase-money. This equity, the corporation agreed should be mortgaged, or conveyed in trust as a security for the liabili *436 ties incurred by Ephraim Clayton for its benefit; and Clayton acted upon the faith of this agreement. This was in 1849. Upon the maxim, equity considers that as done which ought to have been done, Clayton was entitled to this security at the date of the agreement, which over-reaches the lien of the plaintiff in respect to his judgment debt, which attached by the filing of the bill. The objection that the maxim cannot apply to an agreement to execute a mortgage or deed of trust, because such instruments are of no force or effect until registered, is met by the fact, that a mortgage or deed of trust conveying a chose in action, or an equity which is not subject to execution at law, does not come within the operation of the statutes in regard to registration. This is settled in Wallston v. Braswell, 1 Jones’ Eq. 137. So, the deed of trust after-wards executed may be viewed, simply, in the light of a deed, in confirmation of the prior agreement, which, being in writing, signed by the party, or authorised agent, was sufficient to bind the corporation ; of this, the plaintiff had full notice, and of course, he is bound thereby.
The second exception is also over-ruled. When the plaintiff agreed to release or waive his right in respect to the ore-bank, in order to make the property sell to advantage, he did not reserve any right which he had acquired by force of the levy of his execution ; the levy or lien thereby was consequently waived. We are also of opinion, that the plaintiff had compensation for this waiver by being allowed the excess of the balance of the purchase-money, over and beyond the sum of $2500, in opposition to the answer, in which it is averred that such excess was by agreement to be divided between him and the defendants Moore and Patton.
Pee Cukiam, Decree accordingly.